1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS C. PAYNE and SUSAN            No. 2:20-cv-01198-TLN-AC
     PAYNE,
12
                   Plaintiffs,
13
            v.
14
     ABB, INC., et al.,
15
                   Defendants.
16

17   DENNIS C. PAYNE and SUSAN            No. 2:22-cv-00939-JAM-KJN
     PAYNE,
18
                   Plaintiffs,
19
            v.
20
     TRIPLE A MACHINE SHOP, INC.,         **RELATED CASE ORDER**
21
                   Defendant.
22

23          Plaintiffs filed a Notice of Related Cases on July 15, 2022.  (ECF No. 121.)  Examination

24   of the above-captioned actions reveals they are related within the meaning of Local Rule 123

25   (E.D. Cal. 1997).  Pursuant to Rule 123 of the Local Rules of the United States District Court for

26   the Eastern District of California, two actions are related when they involve the same parties and

27   are based on the same or similar claim(s); when they involve the same transaction, property, or

28

event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a).  Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

The instant actions are related because they involve the same Plaintiffs requesting damages for the same injuries (mesothelioma and loss of consortium).  Additionally, Defendants in the current action and the related action are each potentially liable for Plaintiffs' injuries, as all Defendants in both actions are alleged to be responsible for exposing Plaintiff Dennis Payne to asbestos during his time in the California Merchant Academy in Vallejo, California, in the 1970s, contributing to cause his mesothelioma.  Thus, trial in both cases will involve similar issues, such as which products contributed to cause Mr. Payne's disease, the percentage fault of each Defendant, the nature of Mr. Payne's damages, and many other issues.  Consequently, assignment to the same judge would "effect a substantial savings of judicial effort." L.R. 123(a), *see also* L.R. 123(c).

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge, it does not consolidate the actions.  Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.  Should either party wish to consolidate the actions, the appropriate motion or stipulation must be filed.

///

///

///

///

///

///

2

IT IS THEREFORE ORDERED that the action denominated 2:22-cv-00939-JAM-KJN is reassigned to District Judge Troy L. Nunley and Magistrate Judge Allison Claire, and the caption shall read 2:22-cv-00939-TLN-AC.  Any dates currently set in 2:22-cv-00939-JAM-KJN are hereby VACATED.  The Clerk of the Court is to issue the Initial Pretrial Scheduling Order.

IT IS SO ORDERED.

**DATED:  July 22, 2022**

Troy L. Nunley
United States District Judge