UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PAYNE, Individually and as Successor-in-Interest to Decedent DENNIS C. PAYNE, and EMILY PAYNE, and SAMUEL PAYNE, Individually,<br><br>              Plaintiffs,<br><br>      v.<br><br>ABB, INC., et al.<br><br>              Defendants. | No.  2:20-CV-01198-TLN-AC<br><br>**AMENDED** PRETRIAL SCHEDULING ORDER |

After reviewing the parties' Joint Status Report, the Court hereby amends the Pretrial Scheduling Order.

I.    SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332.  Venue is not disputed.

IV.    DISCOVERY

All discovery, with the exception of expert discovery, shall

1

be completed by **November 15, 2023.**  In this context, "completed"
means that all discovery shall have been conducted so that all
depositions have been taken and any disputes relative to
discovery shall have been resolved by appropriate order if
necessary, and where discovery has been ordered, the order has
been obeyed.  All motions to compel discovery must be noticed on
the magistrate judge's calendar in accordance with the Local
Rules.

V.    DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the
Court, and serve upon all other parties the name, address, and
area of expertise of each expert that they propose to tender at
trial not later than **thirty (30) days after the close of
discovery**.  The designation shall be accompanied by a written
report prepared and signed by the witness.  The report shall
comply with Fed. R. Civ. P. 26(a)(2)(B).

Within thirty (30) days after the designation of expert
witnesses, any party may designate a supplemental list of expert
witnesses who will express an opinion on a subject covered by an
expert designated by an adverse party. The right to designate a
supplemental expert for rebuttal purposes only shall apply to a
party who has not previously disclosed an expert witness on the
date set for expert witness disclosure by this Order.

Failure of a party to comply with the disclosure schedule as
set forth above in all likelihood will preclude that party from
calling the expert witness at the time of trial.  An expert
witness not appearing on the designation will not be permitted to
testify unless the party offering the witness demonstrates: (a)

good case for the party's failure to designate the expert witness in accordance with this Order; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Order, an "expert" is any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after their deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

1      VI.   SUPPLEMENTAL DISCOVERY

2          Pursuant to Federal Rule of Civil Procedure 26(e), the

3  parties shall exchange any supplemental disclosures and responses

4  (including expert supplemental materials) no later than thirty

5  (30) days prior to the dispositive motion hearing date.  Any

6  supplemental disclosures and responses necessary after said date

7  will require leave of Court good cause having been shown.

8      VII.   DISPOSITIVE MOTIONS

9          The parties shall file dipositive motions no later than **one**

10 **hundred twenty (120) days after the close of discovery**.  All

11 papers should be filed in conformity with the Local Rules.

12 Absent leave of Court, all issues the parties wish to resolve on

13 summary judgment must be raised together in one (1) motion or

14 cross-motion.  Should the parties wish to file additional motions

15 for summary judgment, they must seek leave of Court.

16         All purely legal issues are to be resolved in timely

17 pretrial motions.  When appropriate, failure to comply with Local

18 Rules 230 and 260, as modified by this Order, may be deemed

19 consent to the motion and the Court may dispose of the motion

20 summarily.  With respect to motions for summary judgment, failure

21 to comply with Local Rules 230 and 260, as modified by this

22 Order, may result in dismissal for failure to prosecute (or

23 failure to defend) pursuant to this Court's inherent authority to

24 control its docket and/or Federal Rule of Civil Procedure 41(b).

25 Further, failure to timely oppose a summary judgment motion[1] may

26 result in the granting of that motion if the movant shifts the

27 ─────────────────────

[1] The Court urges any party that contemplates bringing a motion for summary
28 judgment or who must oppose a motion for summary judgment to review Local Rule
260.

burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  Sur-replies are viewed with disfavor and will only be considered upon a showing of good cause.  All requests for page limit increases must be made in writing with a proposed order setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion. These page limits shall apply to any and all motions filed with the Court.

The parties are directed to the Court's website for available hearing dates and Judge Nunley's standard procedures. (www.caed.uscourts.gov – select "Judges" – select "Judge Nunley" – select "Standard Information").

Citations to Supreme Court Lexis database shall include parallel citations to the Westlaw database.

The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented as the Final Pretrial Conference or at trial in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

///

VIII. <u>TRIAL SETTING</u>

The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion(s).  If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than **one hundred twenty (120) days after the close of discovery** and the notice must include statements of intent to forgo the filing of dispositive motions.

The parties are to set forth in their Joint Notice of Trial Readiness, the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference.  The parties' Joint Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments.  The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury.

After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial.

IX.    <u>SETTLEMENT CONFERENCE</u>

If the parties agree to a settlement conference, a magistrate judge will be randomly assigned to the case to preside over the settlement conference.  If the parties specifically request that the assigned District Judge or Magistrate Judge conduct the settlement conference, the parties shall file the

1   appropriate waiver of disqualification in accordance with Local

2   Rule 270(b).  If the parties elect to participate in the

3   Voluntary Dispute Resolution Program (VDRP), a stipulation of

4   election is required pursuant to Local Rule 271.

5       In accordance with Local Rule 160, counsel are to

6   immediately file a notice of settlement or other disposition of

7   this case.

8       X.    COURTESY COPIES

9       No party shall submit paper courtesy copies of pleadings or

10  exhibits to the Court unless expressly ordered to do so.

11      XI.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

12      The parties are reminded that pursuant to Rule 16(b) of the

13  Federal Rules of Civil Procedure, the Pretrial Scheduling Order

14  shall not be modified except by leave of court upon a showing of

15  **good cause.**  Agreement by the parties pursuant to stipulation

16  alone to modify the Pretrial Scheduling Order does not constitute

17  good cause.  Except in extraordinary circumstances,

18  unavailability of witnesses or counsel will not constitute good

19  cause.

20      XII.  OBJECTIONS TO PRETRIAL SCHEDULING ORDER

21      This Pretrial Scheduling Order will become final without

22  further order of the Court unless objections are filed within

23  fourteen (14) days of service of this order.

24      IT IS SO ORDERED.

25  DATED: June 2, 2023

26

27                              Troy L. Nunley
                                United States District Judge
28